UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| FERNANDO AVALOS, | ) | CASE NO. C08-1281-RSM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. NEIL CLARK, Field Office Director, | ) | |
| U.S. Immigration and Customs Enforcement, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Fernando Avalos, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention without bond pending the outcome of his removal proceedings. (Dkt. 9). Petitioner requests that this Court "recommend a bond hearing and immediate release." *Id.* at 2. Respondent has filed a Return Memorandum and Motion to Dismiss, arguing that because petitioner was convicted of an aggravated felony and his order of removal is not yet final, his detention is mandated by Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), and is not indefinite. (Dkt. 14).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

REPORT AND RECOMMENDATION
PAGE -1

(Dkt. 9) be DENIED and respondent's motion to dismiss (Dkt. 14) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States as an immigrant on January 27, 1989. (Dkt. 13 at L23). Petitioner adjusted his status to lawful permanent resident on March 15, 1989. *Id.*

On November 26, 2007, petitioner was convicted in the Superior Court of Washington for Grant County of Possession with Intent to Manufacture or Deliver a Controlled Substance, to wit: Amphetamine or methamphetamine, in violation of RCW 69.50.401(1). (Dkt. 13 at R101-21). Petitioner was sentenced to twelve months and one day incarceration. *Id.*

On April 25, 2007, ICE issued a Notice to Appear, charging petitioner as being removable under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), which provides for removal of an alien who has been convicted of an aggravated felony, relating to the illicit trafficking in a controlled substance. (Dkt. 13 at L8-10). On August 15, 2008, ICE filed Additional Charges of Inadmissibility/Deportability, charging petitioner as being removable under INA § 237(a)(2)(B)(i), which provides for removal of an alien who has been convicted of an offense relating to a controlled substance. (Dkt. 13 at L103).

On July 21, 2008, petitioner was released from state custody and transferred directly to immigration custody. (Dkt. 13 at R135-37). ICE conducted an initial custody determination and determined that petitioner would remain detained without bond. (Dkt. 13 at L19). Petitioner requested and received a bond redetermination hearing before an Immigration Judge ("IJ"), who determined that petitioner was subject to mandatory detention and would remain detained without bond. (Dkt. 13 at L105). Petitioner did not appeal the IJ's bond decision to the Board of

Immigration Appeals ("BIA").

Petitioner was scheduled for a master calendar hearing on September 4, 2008, September 24, 2008, October 30, 2008, November 17, 2008, and January 9, 2009, but petitioner requested and received numerous continuances, delaying his removal proceedings. (Dkt. 13 at L104, L113, L114, L120). The government submits that it has not requested any delays, and states,

> For the record, it appears that Petitioner may be attempting to delay his removal proceedings to give him time for a collateral attack on his drug-trafficking conviction in state court. Petitioner has filed a motion for post-judgment relief with the Superior Court of Washington for Grant County. [Dkt. 13 at L106-112.] On October 10, 2008, the Superior Court transferred petitioner's motion for post judgment relief to the Court of Appeals for the State of Washington, Division III [for consideration as a Personal Restraint Petition]. [Dkt. 13 at L117-19.]

(Dkt. 14 at 3). Petitioner's Personal Restraint Petition ("PRP") remains pending in the Washington State Court of Appeals.

On August 27, 2008, petitioner filed the instant habeas petition, challenging his continued detention. (Dkt. 9). On November 26, 2008, respondent filed a Return Memorandum and Motion to Dismiss. (Dkt. 14). Petitioner did not file a response. Petitioner's removal proceedings remain pending in the Immigration Court. The habeas petition and motion to dismiss are ripe for review.

### III. DISCUSSION

A. Exhaustion of Remedies.

As a threshold matter, respondent argues that petitioner's habeas petition should be dismissed because petitioner failed to exhaust his administrative remedies by filing an appeal of the IJ's bond decision with the BIA before asking this Court for relief. (Dkt. 14 at 4). According to respondent, "[f]ederal detainees are required to exhaust administrative remedies before seeking relief from the federal courts." (Dkt. 14 at 4). The Court disagrees.

REPORT AND RECOMMENDATION
PAGE -3

01  Generally, an alien must exhaust all administrative remedies available to the alien as of right

02  before seeking relief in federal court. *See* INA § 242(d), 8 U.S.C. § 1252(d). "Exhaustion is not

03  required, however, if an alien seeks relief not inconsistent with an order of deportation, nor where

04  a petitioner challenges the conditions of bond." *Pastor-Camarena v. Smith*, 977 F. Supp. 1415,

05  1417 (W.D. Wash. 1997)(citations omitted); *see also Rowe v. I.N.S.*, 45 F. Supp. 2d 144, 146 (D.

06  Mass. 1999) (holding that exhaustion of administrative remedies was not required where alien

07  challenged his continued detention without bond). Here, exhaustion is not required because

08  petitioner is challenging the IJ's decision concerning bond, not a final order of removal. *See, e.g.,*

09  *id.* Accordingly, the Court will not recommend that petitioner's habeas petition be dismissed for

10  failure to exhaust his administrative remedies.

11      B. <u>Petitioner is Subject to Mandatory Detention</u>.

12      Section 236(c) of the INA provides that "[t]he Attorney General <u>shall</u> take into custody

13  any alien who . . . is deportable [from the United States] by reason of having committed any

14  offense covered in [INA § 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)] of this title." INA §

15  236(c)(1)(B), 8 U.S.C. § 1226(c)(1)(B). In the present case, petitioner was convicted in state

16  court of Possession with Intent to Manufacture or Deliver a Controlled Substance – Amphetamine

17  or Methamphetamine. ICE has charged him with being removable from the United States under

18  INA § 237(a)(2)(A)(iii), which provides for removal of an alien who has been convicted of an

19  aggravated felony; and under INA § 237(a)(2)(B)(i), which provides for removal of an alien who

20  has been convicted of an offense relating to a controlled substance. Thus, petitioner falls squarely

21

22

within the group of aliens described in INA § 236(c)(1)(B) for whom detention is mandatory.[1]

C. Petitioner's Detention is Not Indefinite.

Petitioner also argues that he is being subject to "prolonged" and, therefore, indefinite detention in violation of *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001); and *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005). (Dkt. 9 at 3-4). Respondent argues that the indefinite detention analysis does not apply under these circumstances. (Dkt. 14 at 5-7). The Court agrees with respondent.

In *Zadvydas*, the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), authorizes the Attorney General "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas*, 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690-91. The

---

[1] Petitioner alleges that his conviction is not yet final because it is on direct appeal. (Dkt. 9 at 1). A criminal conviction may not be considered by an Immigration Court until it is "final." *Pino v. Landon*, 349 U.S. 901, 75 S. Ct. 576, 99 L. Ed. 2d 1239 (1955); *see also Morales-Alvarado v. I.N.S.*, 655 F.2d 172, 174 (1981). "Once an alien has been convicted by a court of competent jurisdiction and exhausted the direct appeals to which he is entitled, his conviction is final for the purpose of the immigration laws." *Morales-Alvarado*, 655 F.2d at 175. A conviction subject to collateral attack or other modification is still final. *Id.*

Here, petitioner pled guilty to possession of methamphetamine with intent to manufacture or deliver in violation of RCW 69.50.401(1) on November 26, 2007. Petitioner did not appeal his conviction and served his sentence of 12 months and 1 day in state prison. On September 9, 2008, petitioner filed a motion in Grant County Superior Court collaterally attacking his state court conviction. The motion was subsequently transferred to the Washington State Court of Appeals, Division III, for consideration as a personal restraint petition. Accordingly, petitioner's allegation that his criminal conviction is not yet final is erroneous, and the pendency of a collateral challenge to his criminal conviction has no effect on this habeas corpus proceeding.

Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697. The Court concluded that after a presumptively reasonable six-month period of post-removal-period detention, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Here, however, the *Zadvydas* rule is inapplicable for two reasons. First, petitioner's removal period has not begun because he is still in removal proceedings. *See* 8 U.S.C. § 1231(a)(1)(B)(ii). Second, petitioner's detention is not indefinite because he "remains *capable* of being removed – even if it has not yet finally been determined that he *should be* removed." *See Prieto-Romero*, 534 F.3d 1053, 1065 (9th Cir. 2008). Once petitioner's removal proceedings have been completed, ICE will remove petitioner to Mexico or release him. Thus, "he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were." *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Accordingly, the holding in *Zadvydas* does not apply.

Likewise, the reasons for petitioner's detention in this case differ significantly from those in *Tijani*. In *Tijani*, the petitioner, detained pursuant to INA § 236(c), sought by habeas proceedings to compel a bond hearing. *Tijani*, 430 F.3d at 1242. At the time of the Ninth Circuit's decision, Tijani had been detained for over two years and eight months pending removal proceedings. *Tijani*, 430 F.3d at 1246 (Tashima, J., concurring) (noting that Tijani's detention during his administrative proceedings lasted twenty months, with one year of continued detention during judicial appeal).

In a brief (three paragraph) opinion, the Ninth Circuit stated that "it is constitutionally

doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." *Tijani*, 430 F.3d at 1242. Nevertheless, to avoid deciding the constitutional issue, the court construed § 236(c) as applying only in "expedited" removal proceedings. *Id.* The Ninth Circuit concluded that "[t]wo years and eight months of process is not expeditious," and ordered an Immigration Judge to release the petitioner "unless the government establishes that he is a flight risk or will be a danger to the community." *Id.* In a concurring opinion, Judge Tashima concluded that Tijani was entitled to be released from detention pending the completion of his removal proceedings because the sheer length of his detention "violates the Constitution now." *See id.* at 1249 (Tashima, J., concurring) (citing *Zadvydas*, 533 U.S. at 690; *Demore v. Kim*, 538 U.S. 510, 527, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003).

Here, however, unlike Tijani whose twenty month detention was clearly unreasonable, petitioner has been detained for less than six months pending the completion of his administrative removal proceedings. Furthermore, unlike *Tijani*, it appears from the Administrative Record that petitioner's own requests for continuances are responsible for the duration of his continued detention. Petitioner's immigration hearing was initially scheduled for September 4, 2008, but has been postponed five times at petitioner's request. Accordingly, petitioner's detention is not indefinite, and the Court must deny habeas relief.

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 15th day of January, 2008.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge